IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | | |
|---|---|---|
| TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. |
| SICILIANO INC., a corporation, | ) ) | JUDGE |
| Defendant. | ) ) | |

## COMPLAINT

NOW COME Plaintiffs, the Trustees of Construction Industry Welfare Fund of Central Illinois (hereinafter "Plaintiffs"), by their attorneys, complaining of the Defendant, SICILIANO INC., a corporation, allege as follows:

1.  This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"), and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) (hereinafter referred to as "LMRA"). Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2.  Plaintiffs bring this action as an "employee welfare benefit fund," and "plan," under ERISA and the LMRA. Defendant is an "employer" under ERISA and the LMRA.

3.  Defendant is obligated to make fringe benefit contributions to the Plaintiff Fund, under the terms of a certain "Agreement and Declaration of Trust," establishing and outlining the administration of this Fund, and, pursuant to the terms of a collective bargaining agreement adopting

this "Agreement and Declaration of Trust" and entered into by Defendant and by Central Illinois Builders of AGC, which represents a bargaining unit, the members of which are beneficiaries of that Fund.

4. As an employer obligated to make fringe benefit contributions to the Fund, Defendant is specifically required to do the following:

(a) To submit to Plaintiffs for each month, by the 10th day after the last payroll period of the employer each month, a report stating the names, social security numbers, and total hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;

(b) To accompany the aforesaid reports with payment of contributions based upon the actual number of hours worked by each covered employee, including overtime hours. Fractional hours of one-half or more shall be included; less than one-half hour shall not be included;

(c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;

(d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in amounts as set forth in the Agreements and Declarations of Trust for any and all contributions which are not timely received by Plaintiffs for a particular month, as specified fully in Paragraph 4(a) above;

(e) To pay Plaintiffs interest on late employer contributions at the rate of twelve (12) percent per annum, assessable at the rate of one (1) percent per month for each month or fraction thereof the contribution is received more than thirty (30) days beyond the due date. This interest charge is in addition to the late payment fee;

(f) To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

(g) To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions;

(h) To pay Plaintiffs interest on untimely payment of contributions pursuant to the Agreements and Declarations of Trust.

5. Defendant is delinquent and has breached its obligations to Plaintiff Fund and its obligations under the plan in the following respects:

(a) Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is, therefore, subject to liquidated damages, as authorized by the Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendant, as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages;

(b) Defendant has made payment of contributions due Plaintiffs, but such payment was made in an untimely fashion pursuant to the Collective Bargaining Agreement and Trust Agreements. Plaintiffs have assessed liquidated damages against the Defendant as authorized by the Trust Agreements, but Defendant has failed and refused to make payment of said liquidated damages.

6. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, the total amount due is unknown, based upon Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted, and subject further to the possibility that additional contributions and liquidated damages will come due during the pendency of this lawsuit.

7.  Plaintiff Fund has requested Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

8.  Defendant's continuing refusal and failure to perform its obligations to Plaintiff Fund is causing and will continue to cause irreparable injuries to Plaintiff for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(a) That an account be taken as to all employees of Defendant covered by the collective bargaining agreement as to wages received and hours worked by such employees to determine amounts required to be paid to the Plaintiffs, covering the period for which the collective bargaining agreement is to be effective;

(b) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(c) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the plans and in ERISA;

(d) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

By: _____
One of the Attorneys for Plaintiffs

Names and Address of Attorneys for the Plaintiffs:

Stephen J. Rosenblat
Beverly P. Alfon
Patrick N. Ryan - Lead Counsel
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Telephone: 312/236-4316
Telefax: 312/236-0241
E-Mail: pryan@baumsigman.com

I:\CIW\Siciliano\2nd 2005\complaint.pnr.df.wpd